IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EDUCATION MANAGEMENT SERVICES, LLC, | § § § | |
| *Plaintiff,* | § § § | CIVIL ACTION NO. 5:14-cv-00135-OLG |
| v. | § § | [Removed from the 131st Judicial District Court of Bexar County, Texas] |
| ERIK SLAIKEU, | § § | |
| *Defendant.* | § § | |

**DEFENDANT'S MOTION AND BRIEF IN SUPPORT TO
VACATE ORDER OF DISMISSAL, REINSTATE CASE AND
CONSOLIDATE WITH OTHER CASES FOR DISCOVERY**

Defendant, Erik Slaikeu ("Defendant" or "Slaikeu"), hereby files this Motion and Brief in

Support to Vacate Order of Dismissal, Reinstate Case and Consolidate with Other Cases for

Discovery.  In support of this Motion, Defendant states as follows:

## I.   NECESSITY OF MOTION

Defendants, and related defendants, are now defending multiple suits filed by Plaintiff

that arise from Plaintiff's pursuit of a number of claims against their former employees and

contractors, who are now working with a former, independent contractor/vendor of Plaintiff's

affiliate company.[1]  Each of the other defendants who have been sued by Plaintiff, including

Defendants in the above case, were either terminated from, or voluntarily left, Plaintiff's

employment and subsequently went to work with the company in California headed by a former

vendor of Plaintiff's affiliate company.  Having violated and waived its own arbitration clause by

---

[1]  *See Real Estate Training, Inc. v. Nick Vertucci and the Nick Vertucci Companies;* Case
No. 8:14-cv-00546-AG-DFM.

{29619573;5}

filing this and other related suits in court, Plaintiff Education Management Services, LLC ("Plaintiff") now seeks to subject these Defendants and others, to a series of arbitrations, with different arbitrators, different standards, different fees and requirements in each case involving the same or identical employment and/or contractor agreements.

## II.     <u>BACKGROUND</u>

Plaintiff filed its initial complaint against Defendants on or about January 22, 2014, in state court in violation of its own employment agreement, which contained an arbitration clause requiring both parties to submit disputes arising from the agreement or their contractor relationship to arbitration.   *See* D.E. 1, Exh. 1, Tab 4.   Defendants, residents of California, removed this action to federal court on February 13, 2014.   On March 25, 2014, Defendants filed a motion to dismiss the First Amended Petition, Subject to the Motion to Compel Arbitration and to Stay Case Pending Arbitration and, subject to that ruling, preserving their right as an alternative form of relief, to compel arbitration, subject to its Motion to Dismiss.   [D.E. 12].   On March 25, 2014, Defendant Steamboat Management Group, LLC filed a Motion to Dismiss, seeking dismissal for fraudulent joinder.   [D.E. 13].   In response, Plaintiff filed its Second Amended Complaint, as well as a response in opposition to the Motion to Dismiss.   [D.E. 14-16]. Defendants filed a reply in support of their Motion to Dismiss on April 15, 2014.   [D.E. 18, 19]. Defendants filed Motions to Dismiss Plaintiff's Second Amended Complaint on April 22, 2014. [D.E. 23, 24].   The Court ultimately granted Defendants' alternative motion to compel arbitration and dismissed the case in favor of arbitration without ruling on the merits on Defendants' other Federal Rule 12 motions. [D.E. 25-27].

{29619573;5}

DEFENDANT'S MOTION AND BRIEF IN SUPPORT TO VACATE ORDER OF DISMISSAL,
REINSTATE CASE AND CONSOLIDATE WITH OTHER CASES FOR DISCOVERY          PAGE 2 OF 9

At the time they removed this case and moved to dismiss and alternatively, to preserve their rights, Defendants' identified the presence of the arbitration clause in the agreement between the Plaintiff and the Defendants.  At that time they were unaware that multiple similar cases had been filed by Plaintiff.  Since that time, Plaintiff has filed a total of six (6) lawsuits against their former independent contractors and/or employees in state court in San Antonio.  In each case, except the case against the former vendor of Plaintiff's affiliate company, there was an arbitration clause in the respective agreements of the former cases.  Most of these cases were filed after the above case was filed, and at the time Defendants removed and identified the arbitration clause in the respective agreement. Most of these have been removed to the U.S. District Court for the Western District of Texas, San Antonio Division.  These lawsuits include: *Real Estate Training, Inc.*[2] *v. Nick Vertucci and the Nick Vertucci Companies, Inc.;* Case No. 8:14-cv-00546-AG-DFM;[3] *Education Management Services, LLC v. Ahrens, et al.*, Case No. 5:14-cv-00116-OLG; [4] *Education Management Services, LLC v. Slaikeu, et al.*, Case No. 5:14-cv-00135-OLG; *Education Management Services, LLC v. Cadero*, Case No. 5:14-cv-00587-HLH;[5] *Education Management Services, LLC v. Simpson*, Case No. 5:14-cv-00586-FB;[6]

---

[2] Real Estate Training, Inc. is an affiliated company of Plaintiff.

[3] (*See* Appendix (hereafter "Appx.") Ex. A-1).  This case was original removed to the U.S. District Court, Western District of Texas, San Antonio Division, on January 29, 2013.  (Appx. Ex. A-2). Case No. 5:14-cv-00099-XR.  It was later transferred to the Central District of California, Santa Ana Division, on April 8, 2014, under 28 U.S.C. § 1404.  (Appx. Ex. A-3).

[4] (*See* Appx. Ex. B-1 and Appx. Ex. B-2). Plaintiff filed a demand for arbitration on August 28, 2014.

[5] (*See* Appx. Ex. C-1 and Appx. Ex. C-2).

[6] (*See* Appx. Ex. D-1 and Appx. Ex. D-2).

{29619573;5}

and *Education Management Services, LLC v. Yackey*, Case No. 5:14-cv-00656-HLH;[7] and *Education Management v. Manuel Moreno,* Cause No. 2014-CI-04088, in the 37th Judicial District Court of Bexar County, Texas.[8]

All of these lawsuits were filed by the Plaintiff's counsel in court – the same in-house counsel for Plaintiff who drafted the employment and contractor agreements at issue in the various cases, which contained the clauses requiring arbitration of any disputes before AAA in San Antonio.  Plaintiff's counsel violated each of those respective agreements by filing these suits in state court and thereby waived any claim to compel arbitration.[9]

These cases arise from a suit against a former independent contractor/vendor who had no non-compete clause in the Vendor Agreement who was terminated by Plaintiff's affiliate company in August 2013 and went to California and started a business in a similar industry as Plaintiff.[10]  Each of the other defendants who have been sued by Plaintiff, including Defendants in the above case, were either terminated from, or voluntarily left, Plaintiff's employment and subsequently went to work with the company in California headed by the former vendor of Plaintiff's affiliate.  In each case initiated by Plaintiff, the case began with Plaintiff attempting to obtain *ex parte* TROs in state court against the respective defendants.  Thus, Plaintiff, who now wishes to embrace the arbitration clause, has effectively waived its right to compel arbitration.

---

[7] (*See* Appx. Ex. E-1 and Appx. Ex. E-2).   The case against Keith Yackey was dismissed for lack of personal jurisdiction on August 26, 2014, (Appx. Ex. E-3), but is subject to a request for arbitration by Plaintiff.

[8] (*See* Appx. Ex. F).

[9] Plaintiff filed a demand for arbitration with AAA on August 28, 2014.

[10] *See Real Estate Training, Inc. v. Nick Vertucci and the Nick Vertucci Companies;* Case No. 8:14-cv-00546-AG-DFM.  (*See* Appx. Ex. A-1 and Appx. Ex. A-2).

{29619573;5}

*See Hooper v. Advance America, Cash Advance Ctrs.,* 589 F.3d 917, 920 (8th Cir. 2009) (A party waives its right to arbitrate by (1) initially pursuing litigation and not diligently attempting to compel arbitration, or (2) substantially invoking the judicial process rather than demonstrating a desire to resolve the dispute through arbitration); *Zuckerman Spoeder, LLC v. Auffenberg,* 646 F.3d 919, 921-922 (D.C. Cir 2011); *Nicholas v. KBR, Inc.,* 565 F.3d 904, 907 (5th Cir. 2009).

1.      **Defendants' Appeal to Judicial Efficiency and Reducing Cost.**

Counsel for Defendants is representing each of the Plaintiff's and Plaintiff's affiliates' former employees/contractors/vendors who have been sued in the previously referenced cases. When Defendants learned how many lawsuits Plaintiff  was filing against its former employees and contractors, counsel for Defendants contacted Plaintiff's counsel and tried to reach agreement to move this case back to this Court for judicial efficiency and to reduce expenses because the cases deal with the same or similar agreements, the same witnesses, and much of the same evidence.  To facilitate and promote costs reduction and inefficiency, Defendants agreed to consolidate this case with the other case in which the parties have been sent to arbitration by the Court[11] for discovery purposes. Additionally, Defendants tried to appeal to Plaintiff regarding the cost of arbitrating each of the claims separately through AAA, including the separate filing fees, forum fees, and hourly charges for each arbitrator, and the judicial inefficiency of having different arbitrators opine on the validity, enforceability and interpretation in different cases involving essentially the same agreement.  Plaintiff refused the Defendants' request to reinstate this case in federal court and to consolidate it with the other pending case sent to arbitration.

---

[11] *See Education Management Services, L.L.C. v. Ahrens, et al.,* Case No. 5:14-cv-00116-OLG.

{29619573;5}

Counsel for Defendants appealed to the interest of keeping expenses down for both parties, but in each case Plaintiff's counsel refused.

Despite their insistence on arbitration now, Plaintiff has waived their right to compel arbitration in this and the other matters. Defendants seek to reinstate this case and the others for disposition by the Courts as the most judicial and cost efficient method of dealing with the above and related cases.

2.     **<u>Arbitration Will Deprive Defendants of Substantive Rights.</u>**

Arbitration is now an inefficient means of resolving the disputes in the above cases because they involve many disputes over virtually the same agreement and business relationships.  Plaintiff and its affiliate company have launched a war against one of its former vendors.  Each of the defendants sued by Plaintiff in this case, and in others, is a former employee or contractor of Plaintiff who is now working in California with Plaintiff's affiliate's former vendor.  Each of the agreements against the former employee and contractor by Plaintiff upon which Plaintiff's lawsuits rely, involve essentially the same terms, same clauses and deal with the same issues.  They are particularly suited to disposition by the Court on a uniform basis. There is little value in several different arbitrators reviewing the same agreement with similar fact patterns and reaching potentially differing results.  It is a hugely expensive, very imprecise and unwieldy process, because legal principles of collateral estoppel and *res judicata* likely will not be applied if the cases are arbitrated.  Thus, the Parties will end up re-litigating the same issues in each case, regarding the same agreements and incurring duplicative expenses.  Each arbitrator will charge their own fee structure for each case.  From the standpoint of costs, as well as judicial resolution and finality, these case efficiencies can only be achieved if these cases are

{29619573;5}

moved back to this Court, reinstated and consolidated for discovery purposes, and the Parties can brief the enforceability or non-enforceability of the agreements at issue.

### 3. __Plaintiff Has Forfeited and Waived Its Right to Compel Arbitration and Defendants Waive That Right.__

Defendants do not dispute that the case _was_ subject to arbitration. But Plaintiff has already waived its right to compel arbitration.  Defendants now voluntarily waive their right to arbitrate.  Defendants assert that there are constraints external to the Parties' agreement that risk foreclosing the meaningful arbitration of those claims: the multiple lawsuits filed by Plaintiff, in addition to the potential for inconsistent results, involving the same agreement, and the multiplicity of fees to be incurred by arbitrating these claims.

Pursuant to the Plaintiff's waiver and the Defendants' waiver, Defendants seek an order vacating the dismissal of this case [D.E. 27, 28] and reinstating this case for the Parties to proceed in this forum.  Upon reinstatement, Defendants intend to respond to Plaintiff's current complaint within fourteen (14) days, unless the Court directs Defendants to respond sooner.

### 4. __Motion to Consolidate for Discovery Purposes.__

While 6 lawsuits involving arbitration agreements have been filed, the cases are in various stages.  Some have been dismissed on the basis of personal jurisdiction, but are subject to being re-filed as arbitrations.  Two cases from this same court have been referred to arbitration. For purposes of this motion, and the related Motion to Reinstate Case No. 5:14-cv-00116-OLG, _Education Management Services, L.L.C. v. Ahrens, et al.,_ in the U.S. District Court for the Western District of Texas, San Antonio Division, Defendant will move to enter a common scheduling order for discovery for these cases with separate pre-trial and trial dates, be consolidated to facilitate discovery, and resolution of common legal issues.

{29619573;5}

## CERTIFICATE OF CONFERENCE

Prior to filing this Motion, Counsel for Defendant conferred with Counsel for Plaintiff relating to the waiver of the arbitration clause as to all of the previously-identified matters and proceeding in federal court, including re-opening previously closed matters, on July 29, 2014. On August 1, 2014, Counsel for Plaintiff indicated that Plaintiff opposed the Motion to Vacate the Dismissal and Reinstate Case.  Defendants conferred with Plaintiff's counsel again on September 8, 2014, and Plaintiff's Counsel reiterated its objection to the Motion to Vacate the Dismissal and Reinstate Case.

Respectfully submitted,


 */s/ Clint A. Corrie*
Clint A. Corrie
Texas Bar No. 04840300
clint.corrie@akerman.com
**AKERMAN LLP**
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

and

Nefertari S. Rigsby
*Admitted Pro Hac Vice*
nefertari.rigsby@akerman.com
Akerman LLP
One S.E. Third Avenue, Suite 2500
Miami, Florida 33131
Telephone: 305.374.5600
Facsimile: 305.374.5095

**ATTORNEYS FOR DEFENDANT
ERIK SLAIKEU**

{29619573;5}

DEFENDANT'S MOTION AND BRIEF IN SUPPORT TO VACATE ORDER OF DISMISSAL,
REINSTATE CASE AND CONSOLIDATE WITH OTHER CASES FOR DISCOVERY                    PAGE 8 OF 9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served electronically via the Court's Electronic Case Filing (ECF) System, or via U.S. Mail, first class, postage prepaid, facsimile or hand delivery in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on the following counsel of record on the 1st day of October, 2014:

> J. Wes Huesser, II, Esq.
> weshuesser@yahoo.com
> Andrew J. Moon, Esq.
> andrew.j.moon@gmail.com
> andym@teamarmando.com
> Ryan A. Quiroz, Esq.
> *(Email address unknown)*
> 2935 Thousand Oaks Drive, #6-285
> San Antonio, Texas 78247

*/s/ Clint A. Corrie*
Clint A. Corrie

{29619573;5}

DEFENDANT'S MOTION AND BRIEF IN SUPPORT TO VACATE ORDER OF DISMISSAL,
REINSTATE CASE AND CONSOLIDATE WITH OTHER CASES FOR DISCOVERY                    PAGE 9 OF 9